IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSE EMMANUEL ORTIZ     :
CABRERA,                :
                        :
        Plaintiff       :     CIVIL NO. 1:16-CV-392
                        :
    vs.                 :
                        :
BRIAN S. CLARK,         :     (Judge Rambo)
et al.,                 :
                        :
        Defendants      :

## MEMORANDUM AND ORDER

## Background

On March 4, 2016, Plaintiff Jose Emmanuel Ortiz Cabrera, an inmate presently confined at the Franklin County Prison, Chambersburg, Pennsylvania, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 against ten individuals employed at the Adams County Prison, nine "John or Jane Does" and a Pennsylvania State Trooper. (Doc. 1.)  The ten individuals employed at the Adams County Prison were as follows: (1) Brian S. Clark, Warden; (2) Michael Giglio, Deputy Warden of Security; (3) Dzung Luong, Deputy Warden of Training; (4) Alyssa Harris, Business Manager; (5) Robert Stevens, Director of Treatment Services and Misconduct Hearing

Examiner; (6) Larry Snyder, (7) Jorge Alvarez, and (8) Joe Boot, Lieutenants; and (9) Michael Smith and (10) Benjamin Hersh, Correctional Officers. The Pennsylvania State Trooper named as a defendant by Plaintiff was George H. Kelly, Jr.  Along with his complaint, Cabrera submitted a motion for leave to proceed <u>in forma pauperis</u> under 28 U.S.C. § 1915.

The complaint was a rambling, disjointed, vague and confusing document which consisted of 95 paragraphs. It primarily set forth six incidents of alleged sexual abuse or harassment by prison guards and, after Cabrera reported those incidents, how the prison officials and the Pennsylvania State Trooper responded to Cabrera's allegations. The court reviewed Cabrera's allegations in a 29-page memorandum and order and concluded that with respect to all of the named defendants, except Correctional Officer Michael Smith, the complaint failed to state a claim upon which relief could be granted. (Doc. 10.)

Cabrera alleged that he commenced his confinement at Adams County Prison on June 12, 2015, after he was sentenced to serve three to twelve months

2

for a misdemeanor.  Cabrera appeared to alleged that the first incident of sexual abuse occurred on June 21, 2015, by two correctional officers but he only named one of those officers, Defendant Smith.  Cabrera claimed that Defendant Smith came into his cell and touched him inappropriately and made suggestive comments.  Cabrera alleged that Defendant Smith put his hands on Cabrera's nipples.  Cabrera further alleged that Defendant Smith grabbed his genitals and attempted to kiss Cabrera on the mouth.  Cabrera claimed that he smelled a strong odor of alcoholic beverage emanating from Defendant Smith's mouth.

The court dismissed the original complaint, except as it related to Defendant Smith, but granted Cabrera leave to file an amended complaint with respect to Defendants Clark, Giglio, Luong, Harris, Stevens, Snyder, Alvarez, Boot, and Hersh.  The claims against Trooper Kelly were dismissed without leave to amend. Furthermore, the court deferred service of the original complaint on Defendant Smith to give Cabrera an opportunity to file an amended complaint.

On April 14, 2016, Cabrera filed an amended complaint which did not name any "John or Jane Doe" defendants but named all of the original defendants except Trooper Kelly and Correctional Officer Hersh.[1] (Doc. 16.) In the amended complaint, Cabrera also named the following individuals employed at the Adams County Prison as defendants: (1) Correctional Officer Eyler; (2) Lieutenant Hilterman; (3) Grievance Coordinator Brent;(4) Medical Supervisor T. Killian; (5) Correctional Officer Kinaub; and (6) Lieutenant Leeberry.  Id.

The amended complaint consists of 58 pages and 416 paragraphs.  The first 25 pages, involving 209 paragraphs, are typewritten and the remainder handwritten.  The amended complaint is a rambling, disjointed, vague, conclusory, and to a great extent, a grammatically incoherent document.  Cabrera, in addition to the claim against Defendant Smith which was set forth

---

1.  In the amended complaint Cabrera spells Defendant Snyder's last name "Snider."

in the original complaint,[2] raises a hodgepodge of claims, including that Lieutenant Snyder failed to prevent another inmate from assaulting him (Doc. 16, Amended Complaint, at 29-32, ¶¶ 232 through 263) and he was denied adequate medical care during the entire period (June 12 through December 23, 2015) he was confined at the Adams County Prison.

With respect to the medical care claim, Cabrera reiterates the claims set forth in the original complaint that Defendant Harris denied him a proper medical diet but also claims that after being confined at the Adams County Prison he suffered kidney pain because Defendant Killian did not authorize a proper medical diet. (Id. at 21-24, ¶¶ 168-196.)  He further claims that a physician specializing in kidney disease located in Philadelphia prescribed the diet and Defendants Killian and Harris were aware of that prescription. Id.

---

2.  The amended complaint is not as detailed regarding the alleged sexual touching by Defendant Smith. Furthermore, the date of the incident is September 6, 2015, which conflicts with the date asserted by Cabrera in the original complaint.

In the amended complaint Cabrera also attempts to set forth a retaliation claim under the First Amendment. Cabrera's claims, however, are vague and do not specify the defendants by name or the date of the alleged retaliation other than with respect to Warden Clark.  Cabrera alleges that on September 6, 2015, he was assaulted by Defendant Smith and that on the same day he attempted to file a grievance regarding the incident. (Doc. 16, at 6, ¶¶ 22-25.)  Cabrera then alleges that the "Warden move[d] [him] to [an] isolation cell for filling (sic) grievances and using his celli Nathan Gilbert as a witness."[3] (Id.)

Cabrera also lists at least 10 incidents where he was charged with violating prison regulations, including for using abusive language towards staff and refusing to obey orders. Cabrera appears to allege that all of the misconduct charges were based on fabricated evidence.

---

3.  Cabrera alleges that "Prison Lieutenants" without specifying them by name on orders from an unspecified Deputy Warden and the Warden moved him to the isolation cell.

Finally, Cabrera in the amended complaint alleges that on December 23, 2015, when he was being processed to be transferred to York County Prison that Defendant Eyler destroyed his legal property, which apparently included copies of grievances and request slips, to prevent him from filing a lawsuit against prison personnel.  (Id. at 20, ¶¶ 159-166.)  There are no allegations that Defendant Eyler's conduct prevented Cabrera from filing a lawsuit or resulted in a court action being dismissed.[4]

Cabrera requests declaratory, injunctive and monetary relief. With respect to monetary relief Plaintiff requests compensatory and punitive damages.

The court screened the amended complaint pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996) and on

---

4. There is no constitutional right to an inmate grievance system. See, e.g., Heleva v. Kramer, 214 F. App'x 244, 247 (3d Cir. 2007) (citing Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001)) ("Prisoners do not have a constitutional right to prison grievance procedures.").   However, obstruction of the grievance proceedings may relieve Cabrera from his obligation to exhaust administrative remedies.

April 28, 2016, determined that the bulk of Cabrera's claims should be dismissed. (Doc. 17.)

The court concluded that the claims against Defendant Smith could not be dismissed. (Id.) The court was also satisfied that the allegations in the amended complaint of denial of a medical diet based on a prescription from a kidney specialist, as described by Cabrera, satisfied the serious medical need prong of an Eighth Amendment violation and because Cabrera alleged that Defendants Harris and Killian were made aware of his dietary needs, the court could not conclude that Cabrera failed to state a viable claim of deliberate indifference under the Eighth Amendment. (Id.) Finally the claims against Warden Clark were premised on an allegation that he retaliated against Cabrera for reporting Defendant Smith's alleged misconduct and the court permitted that claim to proceed. (Id.)

All of the claims set forth in the amended complaint, other than the sexual abuse claim leveled against Defendant Smith, the failure to protect claim

leveled against Defendant Snyder, the medical care
claims leveled against Defendants Harris and Killian,
and the retaliation claim leveled against Defendant
Clark, were dismissed as violating Rules 8 of the
Federal Rules of Civil Procedure and as insufficient
under Rule 12(b)(6) without further leave to file a
second amended complaint. (Id.)  Furthermore, the United
States Marshal was directed to serve a copy of Cabrera's
amended complaint (Doc. 16) on the following Defendants
employed at the Adams County Prison: (1) Brian S. Clark,
Warden; (2) Alyssa Harris, Business Manager; (3) Larry
Snyder, Lieutenant; (4) T. Killian, Medical Supervisor,
and (5) Michael Smith, Correctional Officer. (Id.)

　　　The United States Marshal was directed to serve
the amended complaint on Defendants Clark, Harris,
Killian, and on June 24  and July 8, 2016, attorneys
entered appearances on their behalf. (Docs. 20, 23.) The
United States Marshals Service's attempt to serve the
amended complaint on Defendant Michael Smith at the
Adams County Prison was unsuccessful.  It was informed
by the "Warden's Office" that Smith "is not and has not

been employed with the Adams County Prison." (Doc. 22.)
On July 5, 2016, the summons issued with respect to
Defendant Smith was returned by the United States
Marshals Service as unexecuted. (Id.)  Cabrera on July
26, 2016, was directed to advise the court within 30
days of the correct name of the individual he claimed
sexually assaulted him at Adams County Prison. (Doc.
26.)

On July 27, 2016, Charles E. Wasilefski,
Esquire, withdrew his appearance on behalf of Defendant
Killian. (Doc. 28.)  On July 29, 2016, attorney
Wasilefski on behalf of Defendants Clark, Harris and
Snyder filed a motion to dismiss the amended complaint
and a brief in support thereof. (Docs. 29, 30.)   On
August 3, 2016, Cabrera advised the court that the
correct name of the individual who assaulted him was
Darryl Smith. (Doc. 32.)  Also, on August 3, 2016,
Defendant Killian filed an answer with affirmative
defenses to the amended complaint. (Doc. 33.) On August
17, 2016, a service order was issued by the court with
respect to Defendant Darryl Smith. (Doc. 35.) On August
19, 2017, Cabrera filed a brief in opposition to the

motion to dismiss filed by Defendants Clark, Harris and
Snyder. (Doc. 37.)  On October 11, 2016, Defendant Smith
filed an answer to the amended complaint. (Doc. 40.)
The motion to dismiss filed by Defendants Clark, Harris
and Snyder became ripe for disposition on September 5,
2016, when Defendants Clark, Harris and Snyder elected
not to file a reply brief.  For the reasons set forth
below, the court will deny the motion to dismiss the
amended complaint.

## Discussion

Fed.R.Civ.P. 12(b)(6) authorizes dismissal of a
complaint for "failure to state a claim upon which
relief can be granted."  Under Rule 12(b)(6), we must
"accept all factual allegations as true, construe the
complaint in the light most favorable to the plaintiff,
and determine whether, under any reasonable reading of
the complaint, the plaintiff may be entitled to relief."
Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d
Cir.2009) (quoting Phillips v. County of Allegheny, 515
F.3d 224, 231 (3d Cir.2008)).  While a complaint need

only contain "a short and plain statement of the claim,"
Fed.R.Civ.P. 8(a)(2), and detailed factual allegations
are not required, Bell Atlantic Corp. v. Twombly, 550
U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929
(2007), a complaint must plead "enough facts to state a
claim to relief that is plausible on its face." Id. at
570, 550 U.S. 544, 127 S.Ct. 1955 at 1974, 167 L.Ed.2d
929. "The plausibility standard is not akin to a
'probability requirement,' but it asks for more than a
sheer possibility that a defendant has acted
unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct.
1937, 1949, 173 L.Ed.2d 868,___(2009) (quoting Twombly,
550 U.S. at 556, 127 S.Ct. at 1965.) "[L]abels and
conclusions" are not enough, Twombly, 550 U.S. at 555,
127 S.Ct. at 1964-65, and a court  "'is not bound to
accept as true a legal conclusion couched as a factual
allegation.'" Id., 127 S.Ct. at 1965 (quoted case
omitted).

    In resolving the motion to dismiss, we thus
"conduct a two-part analysis." Fowler, supra, 578 F.3d

at 210. First, we separate the factual elements from the legal elements and disregard the legal conclusions. Id. at 210-11.  Second, we "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "'plausible claim for relief.'" Id. at 211 (quoted case omitted).

The entire gist of Defendants' motion is based on their claim that the court should not accept the allegations set forth in Cabrera's amended complaint. However, in ruling on a motion to dismiss we are required to accept those allegations at face value.  The court has already determined that those allegations sufficiently state a cause of action against Defendants Clark, Harris and Snyder. The present motion by Defendants Clark, Harris and Snyder does not present anything new which calls into question the court's prior decision finding that Cabrera had sufficiently stated a cause action against Defendants Clark, Harris and Snyder.  The court incorporates herein by reference the memorandum and order of April 28, 2016, where the court

13

found that Cabrera had sufficiently stated claims against those Defendants.  The arguments presently being raised by Defendants Clark, Harris and Snyder are more appropriate in the context of a motion for summary judgment supported by a statement of material facts and evidentiary materials.  Consequently, the court will deny the motion to dismiss.

     **ACCORDINGLY,** this 10th day of February, 2017, **IT IS HEREBY ORDERED THAT:**

     1.  The motion to dismiss (Doc. 29) filed by Defendants Clark, Harris and Snyder is **DENIED.**

     2.  Within 30 days of the date of this order Defendants Clark, Harris and Snyder shall file an answer to the amended complaint.

     3.  All discovery shall be completed within 120 days of the date of this order.

4.   Any further dispositive motions shall be filed within 30 days of the close of discovery.

<u>  s/Sylvia Rambo</u>
SYLVIA H. RAMBO
United States District Judge